Kenneth WHITE,

v.

**HCA, INC. D/B/A Tulane University Hospital & Clinic and Aetna Life Insurance Company.**

**No. CIV.A.02–0458.**

United States District Court, E.D. Louisiana.

Dec. 19, 2002.

---

John M. Gallagher, Jr., Attorney at Law, New Orleans, LA, for plaintiff.

Keith M. Pyburn, Jr., Robert K. McCalla, Fisher & Phillips, LLP, Howard Shapiro, Heather Gail Magier, Stacey C.S. Cerrone, Shook, Hardy & Bacon, LLP, New Orleans, LA, Thomas H. Lawrence, Jennifer A. Harris, Lawrence & Russell, LLP, Memphis, TN, for defendants.

## ORDER AND REASONS

LEMMON, District Judge.

**IT IS HEREBY ORDERED** that HCA, Inc.'s motion for summary judgment dismissing Kenneth White's claims, pursuant to Rule 56 of the Federal Rules of Civil Procedure, is **GRANTED.** (Document # 35.)

**IT IS FURTHER ORDERED** that Kenneth White's cross motion for summary judgment is **DENIED IN PART** as it pertains to the claims against HCA, Inc. (Document # 36.)

### I. BACKGROUND

Gail White (Gail) was employed by HCA d/b/a Tulane University Hospital & Clinic (HCA) and participated in a Life, Accidental Death, & Dismemberment Plan sponsored by HCA for its participants and dependents. The plan was funded by an insurance contract with Aetna Life Insurance Company d/b/a Aetna U.S. Healthcare (Aetna), and Aetna was the plan administrator.

Because of a serious health condition, Gail was no longer able to work. On January 3, 2001, she and her husband, Kenneth White (White), went to Tulane University Hospital to discuss the conversion of her group term life insurance policy and his dependent life insurance policy to individual policies. They also wished to execute a change of beneficiary for the policy. Lisa Talbot, a Human Resources generalist, determined that converting the policies might not be necessary because

Gail was possibly entitled to a premium waiver through the long-term disability process. Gail had completed a form asking for a waiver of premium based on a disability on November 22, 2000. Talbot contacted Aetna for information about continuing Gail's life insurance because Gail had not received an approval of the premium waiver.

Talbot gave Gail a form to complete to convert her life insurance policy to an individual policy. Gail completed the form, naming Kenneth White as the primary beneficiary, and returned the form to Talbot. At some undetermined time, Talbot noted on the form that Gail was "entitled to premium waiver due to approval."

On January 31, 2001, a conversion analyst with Aetna informed Gail that she was approved for "Waiver of Premium of your Group Life coverage and are not eligible for conversion." In a separate letter on January 30, 2001, an Aetna claims examiner advised Gail that, effective January 15, 2001, her group coverage would be extended without payment of premiums as long as there was proof of continued permanent and total disability. The beneficiary was not changed on the group life policy.

Upon Gail's death on January 26, 2001, Aetna paid the benefits in accordance with Gail's 1998 Beneficiary Designation Form. White received only 40% of the $104,0000 policy proceeds, and Gail's sons from a prior marriage, Otis Easterling and Mandrell Easterling, each received 30% of the proceeds.

White filed a petition for damages in Civil District Court for the Parish of Orleans, State of Louisiana, against HCA and Aetna, alleging that the defendants failed to forward and process Gail's January 3, 2001 request that the defendants convert her group life insurance policy to an individual policy and designate him as the sole beneficiary. White seeks the 60% of the benefit paid to Gail's sons on grounds that

the proceeds would have been paid to him had the change of beneficiary designation been properly processed.

The defendants removed the case to federal court based on federal question jurisdiction. The parties agree that the claim is one for breach of fiduciary duty under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* (ERISA). HCA filed a motion for summary judgment.

## II. DISCUSSION

### A. Summary judgment standard

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." *Amburgey v. Corhart Refractories Corp.,* 936 F.2d 805, 809 (5th Cir.1991); Fed.R.Civ.P. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The nonmovant cannot satisfy his summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (en banc).

### B. HCA's motion for summary judgment

White asserts that the claim against HCA is based on HCA's conduct as his wife's employer in mishandling claims forms and providing false and incorrect information which resulted in a loss of benefits. Essentially, White alleges that HCA breached its fiduciary duty by failing to inform the Whites that they would have

to execute a change of beneficiary form for the group policy if no conversion took place and to provide and forward the proper form.

HCA contends that it is not liable as an ERISA fiduciary because it is only a plan sponsor and has designated Aetna as a plan fiduciary or administrator. HCA argues that, as a plan sponsor, it owes no fiduciary duty to the plan participants.

Under ERISA, a "fiduciary" includes persons named as fiduciaries by a benefit plan and "anyone else who exercises discretionary control or authority over the plan's management, administration, or assets." *Mertens v. Hewitt Assoc.,* 508 U.S. 248, 113 S.Ct. 2063, 2066, 124 L.Ed.2d 161 (1993). "Fiduciaries are assigned a number of detailed duties and responsibilities, which include 'the proper management, administration, and investment of [plan] assets, the maintenance of proper records, the disclosure of specified information, and the avoidance of conflicts of interest.'" *Id.* (quoting 29 U.S.C. § 1104(a)). "[T]he mere exercise of physical control or the performance of mechanical administrative tasks generally is insufficient to confer fiduciary status." *Beddall v. State Street Bank and Trust Co.,* 137 F.3d 12, 18 (1st Cir.1998). Fiduciary responsibility under ERISA is attributable to possession or exercise of discretionary authority. *Id.* The statutory liability for failing to provide requested information remains with the designated plan administrator, even if company personnel routinely assume responsibility for answering requests from participants and beneficiaries. *See Averhart v. U.S. WEST Management Pension Plan,* 46 F.3d 1480, 1489–90 (10th Cir.1994).

The facts of this case do not support the conclusion that HCA is a plan fiduciary. Under article 2 of the plan, the "plan administrator" is defined as "The Company or its designee(s)." Article 4.01 provides that "to the extent benefits under a particular Coverage Document are insured, the Insurance Company shall be the 'named fiduciary' and claims administrator responsible for administering and controlling such Coverage Document, with all the power and discretion afforded the Plan Administrator hereunder." Under article 5.03, all benefits for which there is coverage for participants under an insurance contract "will be provided by the Insurance Company issuing such contract and Participants shall look solely and exclusively to such insurer for the payment of all claims thereunder."

The plan specifically designates Aetna as the named fiduciary of the plan and confers discretionary authority to exercise fiduciary responsibility in administering the plan. Talbot was merely the contact person at HCA, who assisted the Whites in obtaining information from Aetna, the plan administrator. The role of HCA's representative was ministerial and did not involve any discretionary authority to administer the plan. The responsibility for providing information remains with Aetna, not HCA, as the plan administrator and named fiduciary.

Accordingly, there are no disputed issues of material fact, and HCA is entitled to judgment as a matter of law dismissing White's claims.